SHENGLIN QIN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–73695.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Dec. 13, 2007.

Law Office of James B. Macy, Sacramento, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, S. Nicole Nardone, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM *

Shenglin Qin seeks review of the Board of Immigration Appeals' ("BIA") affirmation of the Immigration Judge's ("IJ") de-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cision to deny Qin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found, and the Board affirmed, that substantial portions of Qin's testimony were implausible, contradictory, or nonresponsive.

We review an IJ's adverse credibility determination under the substantial evidence standard. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Substantial evidence exists where the IJ had a "legitimate articulable basis to question the petitioner's credibility, and ... offer[ed] a specific, cogent reason for any stated disbelief." *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir. 1996). The credibility determination must be upheld unless the evidence presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* When, as here, the BIA adopts an IJ's findings and reasoning, we review the IJ's opinion as if it were the opinion of the BIA, applying the substantial evidence standard. *See, e.g., Singh–Kaur v. I.N.S.,* 183 F.3d 1147, 1150 (9th Cir.1999).

Substantial evidence supported the finding that Qin was not credible, and the IJ pointed to specific, cogent reasons for his disbelief. First, Qin testified that he had received a summons from Chinese authorities in a particular envelope, but the letter, as folded, could not physically fit inside the envelope. Second, Qin claimed that he had escaped Chinese authorities on board a foreign ship. There, he said a Chinese political commissar caught him reading a book on Falun Gong, punished him with difficult tasks, vowed to arrest him, induced him to ingest mind-altering drugs, and denied him shore leave in Japan—but inexplicably allowed Qin to disembark in

America. Qin testified that the commissar allowed this departure because Qin successfully feigned mental impairment and told the commissar that he wanted to go ashore to make a phone call—yet he left the ship with all his personal belongings. The IJ properly found Qin not credible on these two points.

Asylum may be afforded to an alien determined to be a "refugee" under 8 U.S.C. § 1101(a)(42)(A). Here, Qin did not testify credibly, and did not establish that he is "unable or unwilling to return to his home country because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Navas v. INS,* 217 F.3d 646, 654 (9th Cir.2000). Nor did he satisfy the more stringent standard for withholding removal, because he failed to demonstrate that "it is more likely than not that [if returned to his home country] he would be subject to persecution on one of the specified grounds." *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001). Finally, Qin failed to qualify for protection under CAT, because he did not demonstrate that it was more likely than not that he would be tortured if returned to his native country. *Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004). In *Zhou v. Gonzales,* 437 F.3d 860 (9th Cir.2006), this court held that a Falun Gong sympathizer returned to China could not expect treatment that "rises to a level of torture." *Id.* at 871.

**PETITION DENIED.**

REINHARDT, Circuit Judge, concurring.

I would uphold the IJ's credibility determination on the sole basis that Qin's testimony regarding his departure from the ship in Sacramento is implausible. As to the denial of Qin's claim under the Convention Against Torture, I concur only because counsel conceded at oral argument that on the basis of the record in this case, Qin does not qualify for such relief.